**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────

**DANIEL SILVERMAN,**

                Petitioner,

     - against –

**CRAIG APKER, Warden, Federal Correctional Institution, Otisville, having custody of Petitioner,**

                Respondent.
────────────────────────────────────────

**05 Civ. 6682 (JGK)**

**MEMORANDUM**
<u>**OPINION AND ORDER**</u>

**JOHN G. KOELTL, District Judge:**

In this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, the petitioner Daniel Silverman challenges Bureau of Prisons ("BOP") regulations which limit a prisoner's placement in a community corrections center ("CCC") - commonly referred to as a "halfway house" - to the lesser of ten percent of the prisoner's total sentence or six months. The petitioner seeks a ruling requiring the BOP to disregard this regulation, and instead follow its pre-December 2002 placement policy of considering CCC placement of an inmate for the final six months of the prisoner's sentence, regardless of the total length of the inmate's sentence.

The petitioner pleaded guilty on April 11, 2003 pursuant to a cooperation agreement to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. He was sentenced on April 15, 2005 and began service of his eighteen-month sentence on June 27, 2005. His projected release date is October 16,

1

2006. The petitioner argues that he should be considered for CCC placement for the final six months of his sentence because application of the BOP's current CCC placement policy to him would be: 1) invalid under the relevant statutory authority, 2) in violation the Ex Post Facto clause of the Constitution, 3) barred by laches or estoppel because the Government prevented him from pleading guilty in December 2002, and 4) a denial of equal protection.

**I.**

The petitioner argues that the BOP's current CCC placement policy, the February 14, 2005 amendment to 28 C.F.R. § 570.21, violates the relevant statutory authority provided in 18 U.S.C. § 3621(b). This argument has been repeatedly addressed by numerous courts in this district. See, e.g., Armstrong v. Apker, No. 06 Civ. 0785 (LAK), 2006 WL 839002 (S.D.N.Y. March 28, 2006) (collecting cases); Zahran v. Apker, No. 05 Civ. 6149 (PKC), 2006 WL 708216 (S.D.N.Y. March 21, 2006); Lowy v. Apker, No. 05 Civ. 10336 (LBS), 2006 WL 305760 (S.D.N.Y. Feb. 9, 2006); Charboneau v. Menifee, No. 05 Civ. 1900 (MBM), 2005 WL 2385862 (S.D.N.Y. Sept. 28, 2005). The Second Circuit Court of Appeals heard argument on this issue in Levine v. Apker, No. 05 Civ. 3472, 2005 WL 1417134 (S.D.N.Y. May 20, 2005), appeal docketed, No. 05-2590-pr (2d Cir. May 27, 2005), on August 4, 2005, but as of this date has not issued a decision.

The Eighth Circuit and Third Circuit Courts of Appeals have held that the relevant BOP regulations are invalid because they conflict with 18 U.S.C. § 3621(b). See Fults v. Sanders, No. 05-3490, 2006 WL 870745 (8th Cir. April 6, 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). Other courts in this district have similarly found the regulations invalid. See, e.g., Lesnick v. Menifee, No. 05 Civ. 4719 (JCF), 2005 WL 2542908 (S.D.N.Y. Oct. 11, 2005).

However, the great majority of courts in this district to have considered these regulations have upheld them. See Armstrong 2006 WL 839002, at *1 (collecting cases); Zahran, 2006 WL 708216, at *2 (same); Lowy, 2006 WL 305760, at *2 n.6 (same); Charboneau, 2005 WL 2385862, at *3 (same). The Court agrees with and adopts the majority approach of this district and finds the BOP's current policy to be a lawful exercise of the BOP's discretion under § 3621(b).

## II.

The petitioner argues that the application of the BOP's placement policy, which was modified in December 2002 and again in February 2005, retroactively increased his punishment in violation of the Ex Post Facto clause of the United States Constitution, Art. I, § 9, cl. 3. The petitioner argues that at the time of his criminal conduct, he had a reasonable expectation that the BOP would consider his placement into a CCC

3

for the last six months of his sentence.  The petitioner thus essentially makes the same Ex Post Facto argument rejected in Zahran, 2006 WL 708216, at *3; Lowy, 2006 WL 305760, at *2; Charboneau, 2005 WL 2385862, at *6; and Levine, 2005 WL 1417134, at 8-10.  The Court agrees with and adopts the analysis in these cases that the February 2005 policy's "evident purpose is not to add punishment, but rather to serve the regulatory purpose of limiting early community contact for those in the designated felony categories," and thus "falls on the lawful side of the ex post facto line."  Lee v. Governor of New York, 87 F.3d 55, 59 (2d Cir. 1996).

### III.

The petitioner argues that the doctrines of laches and equitable estoppel bar the Government from applying the current CCC placement policy to the petitioner because he was willing to plead guilty before the BOP's policy change in December 2002.  The petitioner contends that he was willing to plead guilty in September 2002, and that he had completed his cooperation by December 2002, but that pursuant to his cooperation agreement, the petitioner was not permitted to plead guilty until April 11, 2003.  The petitioner argues that because the Government delayed his guilty plea, he should have the benefit of the pre-December 2002 placement policy.

4

This argument has no merit.  As an initial matter, laches is "inapplicable against the Government in a criminal prosecution."  United States v. Milstein, 401 F.3d 53, 63 (2d Cir. 2005).  Equitable estoppel is applied against the Government "only in those limited cases where the party can establish both that the Government made a misrepresentation upon which the party reasonably and detrimentally relied and that the Government engaged in affirmative misconduct ... and the Supreme Court has rarely, if ever, upheld a finding of estoppel against the United States."  United States v. Paredes-Batista, 140 F.3d 367, 375 (2d Cir. 1998) (internal citation and quotation marks omitted).  There is no allegation of a misrepresentation by the Government in this case.  Moreover, the Government's conduct in seeking to delay a sentence for a cooperating defendant cannot be viewed as egregious conduct.  Finally, the petitioner does not dispute that he received the benefits of his cooperation agreement.

**IV.**

The petitioner argues in his reply brief that applying the BOP's current placement policy to him would be a violation of equal protection because other inmates allegedly had filed § 2241 petitions resulting in review by the BOP of whether CCC placement for the final six months of their sentence was appropriate for those petitioners.  Arguments raised for the

5

first time in a party's reply brief should not be a basis for relief. See Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999) (per curiam).

In any event, the petitioner has made no showing that he is being treated differently on the basis of any suspect classification. Therefore, the BOP's current placement policy will be upheld if it is rationally related to a legitimate state interest. See Lee, 87 F.3d at 60. The BOP's current placement policy has a rational relationship to the legitimate state interest of ensuring public safety because - as the majority of courts in this district have held - it is the correct interpretation of the relevant laws and regulations governing the BOP's placement of inmates.

## CONCLUSION

For the reasons explained above, the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is denied. The Clerk of the Court is directed to enter judgment dismissing the petition and closing this case.

**SO ORDERED.**

**Dated: New York, New York
April 17, 2006**

John G. Koeltl
United States District Judge

6